IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOVAN WHITE, Petitioner | CIVIL ACTION |
|---|---|
| v. | NO. 14-2632 |
| MICHAEL HARLOW, SUPERINTENDENT, Respondent | |

## MEMORANDUM RE: PETITION FOR WRIT OF HABEAS CORPUS

**Baylson, J.**                                                                                          **November 16, 2016**

The Petitioner filed a timely Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 7, 2014, arising out of his conviction for first degree murder and a sentence of life imprisonment (ECF 1). Following a referral of this Petition to Magistrate Judge Wells, a Report and Recommendation was filed on June 24, 2016 (ECF 18), recommending that the Petition be denied.

Represented by counsel, Petitioner has filed several objections, principally relating to the claim by Petitioner that his trial counsel was constitutionally ineffective.

The Magistrate Judge has reviewed the factual and procedural history in the comprehensive Report and Recommendation noted above.

**Relevant Facts**

Prior to the State Court trial, Petitioner had filed a motion to suppress his incriminating statement, which the trial court denied. Commonwealth v. White, No. 993 EDA 2010, slip op. at 2 (Pa. Super. Ct. Feb. 9, 2011). Petitioner proceeded to trial, was convicted of first degree murder and related offenses, and received a life sentence. Id. at 4-5. Following his conviction, Petitioner appealed to the Pennsylvania Superior Court, contending that the trial court erred in denying his motion to suppress because the formal statement he made was the result of undue

delay and coercion. Id. at 5. Petitioner argued that he was effectively under arrest when he arrived at Homicide Headquarters, that he was held for 28 hours in order to coerce a confession, and that he was subjected to unnecessary delay prior to his arraignment. Id. The Superior Court affirmed, holding that the totality of the circumstances supported the trial court's denial of Petitioner's motion to suppress. Id. at 10.

Petitioner then filed a petition under the Post Conviction Relief Act (PCRA) and an Amended PCRA Petition thereafter. Commonwealth v. White, No. 1457 EDA 2013, 2014 WL 10965810, at *1 (Pa. Super. Ct. Apr. 10, 2014). His claim for relief rested on a violation of his rights under the 6th and 14th amendments due to the ineffectiveness of his trial counsel. Specifically, Petitioner claimed his trial counsel was ineffective for failing:

1. To present an alibi defense;
2. To adequately prepare for trial;
3. To adequately prepare for the pre-trial suppression motion;
4. To object to prosecutorial comments made during closing arguments;
5. To object to the trial court's questioning of Detective Pitts; and
6. To renew an objection to testimony concerning a poem written to Defendant by his mother.

The PCRA Court, in an Order by Judge Carpenter, concluded that each claim lacked merit and dismissed the petition without a hearing. Id. Petitioner timely appealed the dismissal, and Judge Fitzgerald in the Pennsylvania Superior Court affirmed. Id. at *13.

**Proceedings in this Court**

Petitioner then filed the instant habeas petition under 28 U.S.C. § 2254.  Petitioner's allegations that trial counsel was ineffective have been exhausted and preserved.  Judge Wells issued the above-cited Report and Recommendation rejecting the assertions that Petitioner made in his habeas petition on the following seven issues:

1. Counsel's failure to investigate and present an alibi constituted ineffective assistance of counsel;

2. Counsel's failure to prepare for trial and cross-examine witnesses adequately constituted ineffective assistance of counsel;

3. Counsel's failure to prepare and argue adequately the suppression motion constituted ineffective assistance of counsel;

4. Defendant's confession was involuntary;

5. Counsel's failure to object to the prosecutor's vouching for a witness constituted ineffective assistance of counsel;

6. Counsel's failure to object to testimony concerning a poem written by Defendant's mother constituted ineffective assistance of counsel; and

7. The PCRA court's failure to hold an evidentiary hearing violated Petitioner's due process rights.

Defendant's objections to Judge Wells' Report and Recommendation are not organized and do not track the seven issues Judge Wells discusses, which are the same issues that Defendant himself presented in his habeas petition.  In addition, Defendant's counsel has not cited a single case showing any precedential support for the argument that Judge Wells erred in denying the petition.

This Court will require defense counsel to reorganize the brief in support of objections, within thirty (30) days, by making specific objections as to any or all of the seven points as to which Judge Wells ruled against Petitioner, together with any case citations which Defendant's counsel believes may be supportive.  The Court is taking this action so that the Court will be able to review any specific citations to the record or case precedents that may justify finding any errors in the reasoning of Judge Wells.  The Commonwealth will then have thirty (30) days to respond.

The Court notes that it has no jurisdiction to consider any constitutional error in the state court post-conviction proceedings.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

O:\CIVIL 14\14-2632 white v. phila. da\14cv2632 Memorandum re Habeas Corpus Petition.docx